## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

**CENTURY INDEMNITY**
**COMPANY ET AL.,**                        DOC.NO.:  24-CV-00584

**VERSUS**                                  JUDGE:     DARREL J. PAPILLION

**PAN AMERICAN LIFE**                       MAG. JUDGE:    KAREN W. ROBY
**INSURANCE COMPANY,**
**ET AL.**

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"); ACE Property & Casualty Insurance Company ("Ace P&C"); Westchester Fire Insurance Company for itself and with respect to policies notated from International Insurance Company ("Westchester"); ACE Fire Underwriters Insurance Company formerly known as CIGNA Fire Underwriters Insurance Company formerly known as Aetna Fire Underwriters Insurance Company ("ACE Fire"); Federal Insurance Company ("Federal"); and Great Northern Insurance Company ("Great Northern") (all collectively "Chubb Insurers"), submits their First Amended Complaint for Declaratory Judgment against Defendants, Pan-American Life Insurance Company ("Pan-Am") and Thomas Anderson *et al.*, to remove as a defendant Jacqueline Hickerson Washington in Exhibit A.

## INTRODUCTION

### 1.

The instant action is being brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 et seq. and Federal Rule of Civil Procedure 57 to determine and resolve questions of an actual case or controversy involving insurance policies issued by the Chubb Insurers under which Pan-Am claims to be entitled to coverage.

### 2.

The Chubb Insurers seek a declaration regarding their duty to defend or indemnify Pan-Am, if any, for claims asserted against it in an action captioned *Thomas Anderson et al. v. City of New Orleans et al.*, No. 2000-7489, Division "J," Civil District Court for the Parish of Orleans, State of Louisiana ("*Anderson* Suit").

### 3.

The Chubb Insurers also sue as defendants Thomas Anderson and all the other plaintiffs in the *Anderson* Suit to bind them to the judgment herein.

## PARTIES

### 4.

Century, ACE P&C, Westchester, and ACE Fire are all Pennsylvania corporations with their principal places of business in Pennsylvania.    Federal and Great Northern are Indiana corporations with their principal places of business in New Jersey.  Therefore, the citizenship of Century, ACE P&C, Westchester, and

ACE Fire is Pennsylvania, and the citizenship of Federal and Great Northern is Indiana and New Jersey. The Chubb Companies issued insurance policies to Pan-Am that are at issue in this suit.

5.

Defendant Pan-Am is a Louisiana corporation with its principal place of business in New Orleans, Louisiana and may be served through its registered agent for service Daniel E. LeGrone, 601 Poydras Street, New Orleans, LA 70130. Therefore, the citizenship of Pan-Am is Louisiana, and it is a resident of this judicial district. Pan-Am claims coverage under policies issued to it by the Chubb Insurers for defense and indemnity of the claims asserted by Thomas Anderson *et al.* in the *Anderson* Suit entitled for alleged injuries from exposure to chemical present at their workplace at 2400 Canal Street, New Orleans, Louisiana which was formerly owned by Pan-Am.

6.

Defendant Thomas Anderson is the first named plaintiff in the *Anderson* Suit and is scheduled as one of the First Flight Trial Plaintiffs for trial on April 16, 2024 along with defendants Gladys Binder, Margaret Davis, Bertha Hankton, Thomas McDermott, Doris Nettles, Irvin Scales, Sr., William J. Severin, Jimmy Stevens, Marten Williams, Sr., Ethel Williams, and Lagabe Williams ("First Flight Trial Plaintiffs"). Thomas Anderson and 10 of the other First Flight Trial Plaintiffs are

domiciliaries and citizens of Louisiana, and First Flight Trial Plaintiff Lagabe

Williams is a domiciliary and citizen of Mississippi as, based on the information

given in their depositions and their responses to discovery in the *Anderson* Suit, their

addresses are as follows:

Thomas Anderson
13301 Hampshire Drive
New Orleans, LA  70129

Gladys Binder
7741 Shaw Avenue
New Orleans, LA  70127

Margaret Roque Davis
1624 Eric Street
New Orleans, LA  70115

Bertha Hankton
4546 Gallier Drive
New Orleans, LA  70126

Thomas McDermott
4840 Highway 22, Apt. 320
Mandeville, LA  70471

Doris Nettles
2839 General Collins Avenue
New Orleans, LA  70114

Irvin Scales, Sr.
7600 Lehigh Street
New Orleans, LA  70127
William J. Severin
6550 Hooper Road
Baton Rouge, LA  70801

Jimmy Stevens

4414 Eastview Drive
New Orleans, LA  70126

Ethel Williams
3635 Napoleon Avenue
New Orleans, LA  70125

Marten Williams, Sr.
2428 Magnolia Street
New Orleans, LA  70113

Lagabe Williams
228 Longstreet Lane
Picayune, MS  39466

7.

There are over 1000 additional named plaintiffs in the *Anderson* Suit who are being made defendants in this Complaint as identified by name in Exhibit A to this Complaint which is specifically adopted by reference pursuant to Federal Rule of Civil Procedure 10(c) and is a part of this pleading for all purposes.  Again, like the First Flight Plaintiffs, the vast majority of all other direct plaintiffs in the *Anderson* Suit are domiciliaries and citizens of Louisiana.  Also, for any plaintiffs in the *Anderson* Suit who are plaintiffs by virtue of being legal representatives of a decedent, the vast majority of those decedents were domiciliaries and citizens of Louisiana at the time of their deaths.  If any *Anderson* Suit plaintiff made a defendant is this suit were to be determined to be a citizen of Pennsylvania, Indiana, or New Jersey, the Chubb Insurers disavow pursuing them as defendants in this litigation

while continuing to pursue their claims against Pan-Am and all diverse *Anderson*

Suit plaintiffs.

## **JURISDICTION AND VENUE**

### 8.

This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because there

is complete diversity between the citizenships of plaintiffs and defendants and the

amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

The amount in controversy for a declaratory judgment in the value of the object of

the litigation. *St. Paul Reinsurance Co, v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998).

The object of this litigation are the demands for defense and indemnity coverage

made by Pan-Am to the Chubb Insurers. Moreover, Louisiana law provides for the

exposure theory for bodily injuries allegedly caused by contaminants to trigger

insurance policies in effect during the time of exposure. *See Cole v. Celotex Corp.*,

399 So.3d 1058, 1076 (La. 1992).

### 9.

Venue is proper in this judicial district because, upon information and belief,

all defendants are residents of Louisiana and one or more defendants reside in this

judicial district pursuant to 28 U.S.C. §1391(b)(1).

10.

Venue is also proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this litigation occurred in this district.

## FACTUAL BACKGROUND

11.

This matter arises from the *Anderson* Suit filed against Pan-Am.

12.

The Anderson plaintiffs have sued Pan-Am for alleged bodily injury relating to alleged exposure to drums of chemicals allegedly stored in the basement of the 2400 Canal Street building for 17 years from August 1982 to December 9, 1999.

13.

Pan-Am has requested that the Chubb Insurers provide coverage to Pan-Am for the claims asserted against it in the Anderson Suit.  The policies issued by the Chubb Insurers to Pan-Am under which Pan-Am seeks coverage are adopted herein as if copied in extenso.

14.

Certain of the Chubb Insurers have agreed to pay a portion of the defense of Pan-Am, with a reservation of rights, in the *Anderson* Suit, under policies issued by them to Cities.

15.

The Chubb Insurers seeks a declaratory judgment under various coverage issues, including but not limited to,

(a) There is no coverage for Pan-Am for claims by any Anderson plaintiffs who may have been employees of Pan-Am at the time of exposure based on the employee exclusion;

(b) There is no coverage for Pan-Am for claims by Anderson plaintiffs who cannot show alleged exposure during the Chubb Insurers' policy periods;

(c) There may be no coverage for Pan-Am for claims by Anderson plaintiffs to the extent pollution exclusions are applicable;

(d) There are certain limits, including but not limited to per occurrence and aggregate limits, in the Chubb Insurers' policies which would apply to limit any claims against Pan-Am to those limits;

(e) There is no coverage for Pan-Am for any alleged exposure that post-date Pan-Am's notice of potential claims which the latest would be the December 9, 1999 fire;

(f) Chubb Insurers are not liable to Pan-Am for any attorneys' fees and costs incurred by Pan-Am in pursuing insuring coverage as such are not "defense" costs, and Chubb Insurers reserve their rights to seek reimbursement of any such costs that may have been inadvertently paid to Pan-Am;

(g) There may be no coverage for Pan-Am due to its failure to cooperate with the Chubb Insurers' requests for information and timely inform the Chubb Insurers' regarding the progress of the lawsuit and strategy as same;

(h) There may be no coverage for any settlement Pan-Am reaches with the Anderson plaintiffs to which the Chubb Insurers do not agree in advance;

(i) If any Anderson plaintiff were to prove continual exposure to the alleged chemicals during a triggered insurance policy period, that exposure is deemed to constitute the "same occurrence" under that policy. *See Cole v. Celotex Corp.*, 599 So. 2d 1058, 1079 (La. 1992);

(j) Chubb Insurers' Excess/Umbrella policies may not apply to defense, investigation, settlement or legal expenses covered by underlying insurance and/or the retained limits or deductible amounts, and the policies may not apply to the defense or suits except as provided for therein; and

(k) The exposure allocation for insurance coverage applies to both defense and indemnity as to the claims of any Anderson plaintiff against Pan-Am.

16.

Thus, the Chubb Insurers may not provide coverage to Pan-Am for certain of the

plaintiffs' claims in the *Anderson* Suits because of the following, non-exhaustive,

reasons:

(1) Coverage is or may be limited or barred where the plaintiff/claimant is an
employee of an "insured" or where the suit/claim arose out of the course of
employment by an insured. Further, there is or may be no coverage where the
suit is subject to worker's compensation, unemployment compensation,
disability benefit laws, or where obligations arose under laws relating to
employees, employee benefits, or similar laws.

(2) Coverage is or may be limited or barred to the extent there was no "injury"
or "damage" within the meaning of a policy and where such injury/damage
did not take place during any period when a policy issued by the Chubb
Insurers was in effect.

(3) Coverage is or may be limited or barred to the extent that there was no event
or "occurrence," under the meaning of a policy and within a policy period
and policy territory.

(4) Coverage is or may be limited or barred for known risks, losses in progress
at the time a policy was purchased, non-fortuitous events, and/or otherwise
uninsurable risks.

(5) Coverage is or may be limited or barred to the extent that Pan-Am has not
fulfilled its obligations in the event of a loss, accident, or occurrence, which
include the obligations to provide timely and adequate notice of accidents,
occurrences, claims, suits and to otherwise cooperate with the Chubb Insurers.

(6) Coverage is or may be limited or barred where liability has been assumed
under a contract or agreement or where contractual liability provisions, which
may be set forth in a policy, otherwise limit or preclude coverage.

(7) Coverage is or may be limited or barred where injury/damage is subject to,
related to, or arises out of an applicable exclusion, including (but not limited
to) a pollution/contamination exclusion.

(8) Coverage may be limited or barred where such coverage is subject to the
limitations under the policy terms, conditions, definitions, endorsements, or
exclusions, such as those pertaining to "per occurrence" and/or "aggregate"
limits of liability. In any event, any coverage otherwise available would be

reduced or eliminated to the extent that the limits were otherwise impaired or exhausted by prior suits/claims.

(9) Coverage is or may be limited or barred to the extent any alleged injury/damage was expected, should have been expected, or was intended. For example, and not by way of limitation, coverage may not be available for any awards or judgments arising from allegations of conspiracy, fraudulent misrepresentation, concealment, willful omissions or any other intentional acts or misconduct or reckless or grossly negligent behavior or activity in violation of federal, state, and/or local laws or public policy.

(10)    Coverage is or may be limited or barred for claims for equitable, injunctive, declaratory, restitutionary relief or unjust enrichment or fines, penalties or punitive damages as such claims would not constitute "injury" or "damage" under the policies and be otherwise excluded.

(11)    Coverage is or may be barred for fines, penalties, punitive or exemplary damages, and costs.

(12)    Coverage is or may be limited for claims for prejudgment judicial interest all Anderson plaintiffs against Pan-Am and especially for any pre-judgment interest claimed by Anderson plaintiffs for any time period before they formerly made judicial demand against Pan-Am by filing suit in their individual names.

(13)    Coverage is or may be limited or barred to the extent whether:  (i) Chubb Insurers' obligations, if any, pursuant to the policy are subject to an "other insurance" clause; (ii) Pan-Am has other insurance, which is primary over an alleged policy, that provides defense and/or indemnity for the captioned suit; and, (iii) Pan-Am maintained primary and underlying insurance in full force and effect.

(14)    Coverage is or may be limited or barred where there are coverage defenses that go beyond the language of the policy, including those that may be developed or discovered in the course of further investigation, for example (and not by way of limitation) misrepresentations, failure to disclose, estoppel, waiver, and/or laches.

17.

Accordingly, Chubb Insurers are seeking a declaratory judgment regarding the rights, if any, that Pan-Am has to defense and indemnity under the Chubb

Insurers' policies issued to it by virtue of the non-exhaustive limits, terms, conditions, exclusions, etc. identified above.

18.

Moreover, to the extent any Chubb Insurers have a defense obligation to Pan-Am under any of the Pan-Am policies, such defense obligation would be limited to that insurer's pro rata share based on the plaintiffs' years of exposure during the insurer's policy periods under Louisiana law per the Louisiana Supreme Court's decision in *Arceneaux v. Amstar Corp.*, 200 So. 3d 277 (La. 2016). Moreover, any such defense obligation would end upon a determination of no coverage under that policy and/or upon exhaustion of that policy's limits.

19.

Pan-Am has also indicated that it seeks coverage from the Chubb Insurers under certain alleged policies for which Pan-Am does not have copies. Chubb Insurers submit that Pan-Am has the burden to prove the existence, terms, and conditions of any alleged "lost" policies and seeks a declaratory judgment that Pan-Am has not sustained its burden of proof as to same.

## ACTION FOR DECLARATORY JUDGMENT

20.

The Chubb Insurers repeat and re-alleges the allegations in the above paragraphs as though fully set forth herein.

21.

An actual controversy has arisen and now exists as to whether, and to what extent, the Chubb Insurers provide coverage for defense and indemnity to Pan-Am for the Anderson plaintiffs' claims against Pan-Am in the *Anderson* Suit.

22.

A declaratory judgment is necessary to resolve this actual controversy.

23.

Chubb Insurers submit that a declaratory judgment would confirm their rights and obligations, if any, under their policies issued to Pan-Am for defense and indemnity for the individual plaintiffs' claims asserted against Pan-Am in the *Anderson* Suit.

24.

Thus, Chubb Insurers asks this Court to declare its rights and obligations, if any, under their policies issued to Pan-Am for defense and indemnity for the claims asserted against Pan-Am in the *Anderson* Suit, including whether certain policy provisions preclude or limit coverage and that their defense and indemnity obligations to Pan-Am under their policies, if any, are limited to their pro rata share of each particular plaintiff's alleged exposure per *Arceneaux.*

**WHEREFORE**, Chubb Insurers respectfully pray that this First Amended Complaint be served on Pan-Am and the *Anderson* plaintiffs, and that, after all due proceedings are had, there be judgment rendered in the Chubb Insurers' favor and against them as follows:

1)   A declaratory judgment issue stating that:

   a.   Chubb Insurers' policies contain various provisions that limit or preclude coverage and the maximum amount for which any policy could provide indemnity coverage to Pan-Am for the Anderson plaintiffs' claims under those policies is the one occurrence limit per exposure year.

   b.   To the extent any of the Chubb Insurers owes Pan-Am a defense or indemnity under any policies issued to it, any such defense or indemnity obligation is limited to a pro rata share based on the particular Anderson plaintiff's time of exposure during the policy periods per *Arceneaux*.

2)   The Court award any other equitable and general relief the nature of this case will allow.

Respectfully submitted,

*/s/James M. Garner*

_____

JAMES M. GARNER, #19589
MARTHA Y. CURTIS, #20446
AMANDA R. SCHENCK, #30706
SOPHIE R. TROSCLAIR, #40979
SHER GARNER CAHILL, RICHTER,
KLEIN & HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, LA 70112
Telephone: (504) 299-2100
Facsimile:   (504) 299-2300
**ATTORNEYS FOR PLAINTIFFS
CENTURY INDEMNITY COMPANY,
ACE PROPERTY & CASUALTY
COMPANY, WESTCHESTER FIRE
INSURANCE COMPANY, ACE FIRE
UNDERWRITERS INSURANCE
COMPANY, FEDERAL INSURANCE
COMPANY, AND GREAT NORTHERN
INSURANCE COMPANY**

**<u>PLEASE HOLD SERVICE</u>**